■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND G., Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered November 26, 1975, which adjudged the defendant a youthful offender. Defendant was indicted by the adjourned June 1975 Chemung County Grand Jury for the crimes of burglary in the third degree (Penal Law, § 140.20) and petit larceny (Penal Law, § 155.25). Following a *Huntley* hearing on September 24, 1975, his motion to suppress statements allegedly given by him to law enforcement officers was denied, and he thereafter entered a plea of guilty to the burglary charge in satisfaction of both counts contained in the indictment. On November 26, 1975 he was granted youthful offender status and sentenced to an indeterminate term of imprisonment not to exceed four years. On this appeal, defendant initially argues that the trial court erred in denying his motion for a bill of particulars. We disagree. A bill of particulars is not intended to furnish a defendant with a preview of the prosecution's proof, but has as its sole function the more specific definition of the crime or crimes charged in the indictment (Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.90, p 292; Rothblatt, Criminal Law of New York, the Criminal Procedure Law, § 261, p 203). In this instance, the bill provided by the People plainly fulfills its intended function by setting forth the date, time and location of the commission of the alleged crimes and a detailed list of the items of property allegedly stolen by defendant. The trial court in its discretion properly denied defendant's request for a further statement as to the particular portion of the building allegedly entered by him. Defendant's remaining contentions are similarly without merit. An examination of the record reveals that he was fully advised of his constitutional rights as required by *Miranda v Arizona* (384 US 436) and, accordingly, his motion to suppress was properly denied. Likewise, the sentence imposed is well within the statutory limits for defendant's class D felony conviction (Penal Law, § 70.00, subd 2, par [d]), and there are presented no extraordinary circumstances which would warrant our disturbance thereof *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Main, JJ., concur.