■ In the Matter of GREAT NORTHERN ASSOCIATES, INC., et al., Petitioners, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Respondent.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioners' licenses to engage in the insurance business.

When a check issued on December 15, 1990 by Great Northern Insuring Agency, Inc., a licensed insurance agent and broker, for the sum of $343,716.97 payable to CNA was twice dishonored for insufficient funds, Larry Schroeder, Director of Corporate Security of CNA, gave notice to Aaron Mazen, Director of the Insurance Frauds Bureau of the Insurance Department. Schroeder's February 6, 1991 letter stated that CNA had canceled the agency because of its failure to remit collected premiums in the amount of $718,067 as of January 15, 1991 and that he anticipated there would be an out-of-trust position to CNA amounting to $927,369. Acting on Mazen's instructions, Investigators Richard Burns and Bruce Stafford asked William Kayo, president of petitioner Great Northern Associates, Inc., to come to the Insurance Department offices on February 12, 1991 with his bookkeeper and the corporate records. After a three-day examination of the records of Great Northern and its two affiliated insurance agencies, citation was issued to all three agencies and to Kayo charging incompetency and/or untrustworthiness to act as insurance agents and brokers and/or consultants within the contemplation of Insurance Law § 2120. Following an administrative hearing the Hearing Officer recommended that the licenses "be revoked and any pending applications for licensure or renewal thereof should be denied". Respondent adopted the recommendation and ordered revocation. Petitioners commenced this CPLR article 78 proceeding seeking an-

nulment of the determination, which has been transferred to this Court.

Petitioners contend that the record fails to support respondent's determination. We disagree. The regulations create a fiduciary responsibility with respect to premiums received by an insurance agency which are not immediately remitted to the insurers (11 NYCRR 20.3 [b] [1]). That responsibility includes depositing the premiums into a premium account. The regulation limits withdrawals which may not be made if the balance remaining in the premium account thereafter is less than the aggregate net premiums received but not remitted (11 NYCRR 20.3 [b] [4]).

The examination of the books and records confirmed that petitioners' premium accounts were substantially out of trust in that there were major deficits. The balances in the accounts were insufficient to meet the requirement that the balance not be less than the aggregate net premiums received from customers but not remitted to insurance carriers. Nor were the deficiencies which exceeded $1 million properly accounted for. These deficits were established by the testimony of the investigators, the exhibits in evidence and the dishonored premium remittance check. Moreover, petitioners' bookkeeper admitted to a practice of carrying unpaid accounts as current accounts and remitting the owed premium to the insurance companies by using other collected premiums on deposit in the premium accounts, rather than by advancing and depositing their own separate funds (voluntary deposits, 11 NYCRR 20.3 [b] [3]) to meet the agency obligation. This practice, offered by petitioners to explain the deficit, is a breach of fiduciary duty imposed in the handling of collected premiums. The record provides substantial evidence fully supporting the determination (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

We find no merit to petitioners' remaining contentions that they were improperly limited in their cross-examination of witnesses.

Levine, Crew III, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.