■ In the Matter of FREDERICK V. DONA, JR., Petitioner, v NEIL D. LEVIN, as Superintendent of Insurance of the State of New York, Respondent. [693 NYS2d 677] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, revoked all licenses issued to petitioner by the Insurance Department.

Petitioner, an insurance agent for Mutual of New York (hereinafter MONY), pleaded guilty in US District Court for the Northern District of New York to a violation of 18 USC § 1027, making a false statement in an Employees Retirement Income Security Act (hereinafter ERISA) document. As part of the plea agreement, petitioner specifically admitted as follows: "[O]n or about July 5, 1989, he knowingly and willfully caused others to create and transmit, to a trustee of the Crouse Plan, a letter ostensibly signed by Gary Camp—the General Manager of the Syracuse Agency of MONY—which purported to confirm the values of the 'MONY MAX' group annuity contracts in which funds of the Crouse Plan were invested. However, as [petitioner] then and there well knew and concealed, the letter overstated the balances for the MONY MAX contracts recorded by MONY and the signature of Gary Camp on that letter was not genuine. [Petitioner] admits that the false and misleading letter was related to and facilitated a scheme to defraud * * * [MONY], by causing MONY to pay [petitioner] undeserved commissions in connection with transfers of fund [*sic*] between multiple MONY MAX contracts of the Crouse Plan, which were mischaracterized as withdrawals due to the termination of the Crouse Group employees and subsequent new deposits into the MONY MAX contracts. [Petitioner] acknowledges that, if he elected to go to trial, the United States could prove, beyond a reasonable doubt, all of the facts set forth in this [p]lea [a]greement and that those facts would support his conviction on [c]ount 4 of [the] [i]ndictment".

In February 1996, the Insurance Department issued a citation to petitioner charging him with, *inter alia*, incompetency or untrustworthiness to act as an agent (*see*, Insurance Law § 2110). The first charge mirrored the facts underlying count 4 of the Federal indictment, whereas the second charge detailed that, on the basis of those acts, petitioner was convicted of making a false statement in an ERISA document in violation of 18 USC § 1027.

At the hearing held in April 1996, petitioner reviewed his meritorious career and contended that work-related travel forced him to delegate many activities, causing things to sometimes "fall through the cracks". He thereafter detailed the reasons why he pleaded guilty, which included the shame and humiliation suffered by his family and the numerous health issues that his parents and his wife's parents faced during this time frame. Contending that his secretary, Terry York, signed the name of Gary Camp to the critical letter of July 1989 and that he not only ordered its correction when he became aware of the error but also returned the undeserved commission, petitioner argued that the problem was caused by his lack of supervision. He denied ever advising York to structure any transaction so that he would earn extra commissions. In support, he proffered numerous witnesses, including Gary Camp. As a result of these charges and his plea, petitioner contends that he now assumes more responsibility for tasks previously delegated.

Respondent presented the testimony of Thomas McDermott, an examiner in the Frauds Bureau of the Insurance Department, who testified that he was involved in the investigation of petitioner in connection with his Federal indictment. In response to his written inquiry to the US Attorney assigned to the criminal matter, McDermott was furnished with copies of the indictment and petitioner's plea agreement, all received in evidence during the hearing.

Upon this evidence, the Hearing Officer recommended that petitioner's licenses be revoked, which recommendation was ultimately adopted by respondent. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.

Our review reveals substantial evidence to support the determination (see, Friedland v Curiale, 192 AD2d 387; Matter of Great N. Assocs. v Curiale, 189 AD2d 944). Contrary to petitioner's contention, we find the Hearing Officer to have fully considered his reasons for pleading guilty. The plea and conviction conclusively established, however, all necessary facts underlying this administrative proceeding and there remains no issue that petitioner was provided with an opportunity to have fully and fairly contested that determination (see, S. T. Grand v City of New York, 32 NY2d 300, 304-305; Kuriansky v Professional Care, 158 AD2d 897, 898). Despite petitioner's denial at the hearing of any culpable conduct other than a lack of supervision, we note that in light of his admission in the plea agreement that the United States could prove at trial, be-

yond a reasonable doubt, all of the facts underlying the convictions and that the agreement was reached without regard to any civil or administrative matters that may arise relating to professional licenses held by him, no viable challenge can be made to respondent's determination. With the Hearing Officer cloaked with the authority to assess credibility and resolve conflicts in testimony (*see, Matter of Perez v Wilmot*, 67 NY2d 615; *Matter of Doolittle v McMahon*, 245 AD2d 736; *see also, Matter of Berenhaus v Ward*, 70 NY2d 436), we dismiss petitioner's remaining contentions of error and further find no support for petitioner's contention that the recommendation for revocation was based upon his failure to have completed his probationary term at the time of the decision.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.