■ In the Matter of the Claim of DAVID W. HOWARD, Appellant, v STATURE ELECTRIC, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [898 NYS2d 305]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2008, which determined that claimant violated Workers' Compensation Law § 114-a.

Claimant suffered a work-related injury in March 2003 and submitted a claim for workers' compensation benefits. After a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) established the injury, awarded benefits, and authorized surgery to be covered by the workers' compensation carrier, the State Insurance Fund (hereinafter SIF). Claimant was subsequently indicted on charges of insurance fraud in the third degree, grand larceny in the third degree, offering a false instrument for filing in the first degree, and violating Workers' Compensation Law § 114. These charges arose from evidence collected by SIF allegedly revealing that claimant was employed while collecting benefits.[1] In June 2007, claimant entered an *Alford* plea to the charge of insurance fraud in the fourth degree. He was convicted and sentenced in accordance with this plea agreement to a conditional discharge upon payment of restitution, and a certificate of relief from disabilities was issued.

At a subsequent hearing, SIF asked the WCLJ to find that claimant's plea and conviction disqualified him from receiving benefits pursuant to Workers' Compensation Law § 114-a. Claimant requested a hearing. After affording the parties an opportunity to brief the issue, the WCLJ determined that the criminal proceedings did not involve a full hearing on the merits and, thus, claimant was entitled to a hearing. SIF sought review. The Workers' Compensation Board found that a violation of Workers' Compensation Law § 114-a had occurred, based upon claimant's criminal conviction.[2] The Board modified the WCLJ's decision and returned the case for the determination of appropriate penalties. Claimant appeals.

---

1. This evidence is not part of the record.

2. The Board incorrectly stated that claimant pleaded guilty to a violation of Workers' Compensation Law § 114, rather than insurance fraud in the fourth degree. However, this error is immaterial; it does not affect the issue of whether collateral estoppel operates to render claimant's conviction legally sufficient to establish the violation of Workers' Compensation Law § 114-a.

Initially, we disagree with the SIF's claim that this appeal was improperly taken from an interlocutory decision. The question posed, i.e., whether claimant violated Workers' Compensation Law § 114-a, is a potentially dispositive threshold legal issue (*see Matter of Michaels v Towne Ford*, 9 AD3d 733, 733 n [2004]). "[O]ur policy to discourage piecemeal review of the main issues in a compensation claim . . . should not be applied in such a manner as to preclude, as in this case, the prompt review of threshold legal issues which may be dispositive" (*Matter of McDowell v LaVoy*, 59 AD2d 995 [1977]; *see Matter of Pisarek v Utica Cutlery*, 26 AD3d 619, 619 [2006]).

The Board relied upon the equitable doctrine of collateral estoppel in rendering its determination. This doctrine is based on the concept that it is unfair to permit a party to relitigate an issue that has previously been decided against it (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). There are two fundamental requirements: " '[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination' " (*Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997], quoting *Kaufman v Eli Lilly & Co.*, 65 NY2d at 455; *accord Alaimo v McGeorge*, 69 AD3d 1032, 1033 [2010]). Here, SIF did not meet its burden of demonstrating the identity of issues (*see Kaufman v Eli Lilly & Co.*, 65 NY2d at 456). To satisfy this requirement, the issue in question must have been "actually litigated and resolved in the prior proceeding" (*Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 267 [1988]).

Here, the determinative issue was not whether claimant had been convicted of a crime (*contrast Matter of Hopfl*, 48 NY2d 859, 860 [1979]; *Matter of Feuereisen v Axelrod*, 100 AD2d 675, 675-676 [1984], *lv denied* 62 NY2d 605 [1984]), but whether he "knowingly ma[de] a false statement or representation as to a material fact" (Workers' Compensation Law § 114-a) for the purpose of obtaining workers' compensation benefits or influencing a payment determination. An *Alford* plea, by its very nature, is accepted on the explicit basis that the person making the plea does not admit having committed the charged acts (*see North Carolina v Alford*, 400 US 25, 37 [1970]; *People v Miller*, 239 AD2d 787, 788 [1997], *affd* 91 NY2d 372 [1998]). When claimant entered his *Alford* plea, he "was not required to and did not admit his participation in the acts constituting the crime" (*People v Green*, 249 AD2d 691, 693 [1998]). On the contrary, he made no factual admissions, his counsel specified that

he was pleading guilty "without an admission of wrongdoing," and the transcript of the plea proceeding includes no discussion of the factual basis for the charge. The question of whether claimant committed the charged conduct, though decisive in determining whether he violated Workers' Compensation Law § 114-a, was not determined in the criminal action.[3] Thus, the requirement of identicality was not met, and collateral estoppel does not apply (see Matter of Halyalkar v Board of Regents of State of N.Y., 72 NY2d at 267; Kaufman v Eli Lilly & Co., 65 NY2d at 456).[4] Claimant must be provided an "ample opportunity to address the issue of whether he knowingly misrepresented material facts" sufficient to establish the charged violation (Matter of Robbins v Mesivtha Tifereth Jerusalem, 60 AD3d 1166, 1167 [2009]).

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

 3. The Board has previously found violations of Workers' Compensation Law § 114-a based upon guilty pleas (see e.g. Europa Tile & Masonary, 2007 WL 2923176, *3, 2007 NY Wrk Comp LEXIS 6740, *6 [WCB No. 0921 8601, Aug. 7, 2007]; Lewis County Dairy, 2006 WL 3927451, *3, 2006 NY Wrk Comp LEXIS 10675, *6-7 [WCB No. 6000 2515, Nov. 29, 2006]). In these cases, however, the pleas included admissions to the acts constituting the crime.

4. Given this determination, we need not reach the question whether claimant had a full and fair opportunity to litigate the issue in the prior action (see Matter of Halyalkar v Board of Regents of State of N.Y., 72 NY2d at 266).