■ In the Matter of the Claim of MONIQUE RONDON, Claimant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 386]—

Garry, J.

Claimant, a bus driver, was injured in 2007 when a passenger struck her. She testified that she did not work in any capacity from January to August 2007 and, as such, workers' compensation benefits were awarded for that period. The self-insured employer thereafter sought to disqualify claimant from receiving benefits pursuant to Workers' Compensation Law § 114-a, asserting that it had evidence demonstrating that she had worked during that period. The Workers' Compensation Law Judge (hereinafter WCLJ) declined to allow the employer's video footage into evidence unless authenticated by the investigator who shot it, and adjourned the hearing to hear that testimony. The WCLJ thereafter refused to admit footage that had been filmed by an investigator who did not testify and closed the record. Upon administrative review, the Workers' Compensation Board ruled that the missing investigator's testimony was not necessary to authenticate the video footage. The Board further pointed out, however, that the employer did not appeal from the WCLJ's initial ruling that the footage be authenticated and failed to identify and produce all of its investigators to testify despite being given sufficient opportunity to do so. It accordingly determined that the record was properly closed and remitted for the WCLJ to determine whether claimant should be disqualified from receiving benefits. The employer now appeals.

The Board's decision is an interlocutory one that "neither disposes of all substantive issues nor reaches a potentially dispositive threshold legal issue" and, accordingly, this appeal must be dismissed (*Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d 977, 978 [2008]; *see Matter of Lepow v Lepow Knitting*

*Mills, Inc.*, 261 App Div 1013 [1941]). A final determination by the Board on the merits is forthcoming, and the employer's arguments may be reviewed upon an appeal from that decision (*see Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d at 978).

Lahtinen, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the appeal is dismissed, without costs.