[986 NE2d 911, 964 NYS2d 77]

In the Matter of DAVID W. HOWARD, Respondent, v STATURE ELECTRIC, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Argued February 5, 2013; decided March 21, 2013

## POINTS OF COUNSEL

*Susan B. Marris,* Liverpool (*Michael Miliano* of counsel), for appellants. I. The Third Department erred when it distinguished an *Alford* guilty plea from a non-*Alford* guilty plea. (*Matter of Silmon v Travis,* 95 NY2d 470; *People v Washington,* 51 AD3d 1223; *People v Hill,* 16 NY3d 811; *People v Tausinger,* 21 AD3d 1181; *People v Miller,* 91 NY2d 372; *Matter of State of New York v Mark S.,* 87 AD3d 73, 17 NY3d 714; *Matter of Aaron H. [Barbara H.],* 72 AD3d 1602; *Matter of Feuereisen v Axelrod,* 100 AD2d 675, 62 NY2d 605; *Matter of Cumberland Pharmacy v Blum,* 69 AD2d 903; *Matter of Hopfl,* 48 NY2d 859.) II. The Third Department erred when it found that Stature Electric, Inc. did not meet its burden of proving identity of issues. (*City of New York v College Point Sports Assn., Inc.,* 61 AD3d 33; *Olsson v MacDonald,* 16 AD3d 1017; *Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495; *People v Aksoy,* 84 NY2d 912; *Matter of Losurdo v Asbestos Free,* 1 NY3d 258; *Matter of Bottieri v New York State Dept. of Taxation & Fin.,* 27 AD3d 1035; *Matter of Dieter v Trigen-Cinergy Solutions of Rochester,* 14 AD3d 748.)

*Christine Ann Scofield,* Syracuse, for respondent. I. The Third Department did not commit reversible error by distinguishing an *Alford* guilty plea from a non-*Alford* guilty plea. (*Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495; *People v Serrano,* 15 NY2d 304; *Matter of Aaron H. [Barbara H.],* 72 AD3d 1602.) II. The Third Department did not commit reversible error when it found that the State Insurance Fund did not meet its burden of

proving identity of issues. (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 75 NY2d 711.)

## OPINION OF THE COURT

Pigott, J.

The question presented on this appeal is whether claimant's *Alford*\* plea should be given preclusive effect in a subsequent workers' compensation proceeding. Because it cannot be said that the guilty plea necessarily resolved the issue raised in the workers' compensation proceeding, preclusive effect should not be given.

In March 2003, claimant, David Howard, sustained a back injury while employed by respondent Stature Electric, Inc. He applied for and received workers' compensation benefits. At a workers' compensation hearing, when asked, claimant testified that he had no employment outside of his job with Stature Electric.

In November 2005, claimant was arrested and faced four charges: insurance fraud in the third degree (Penal Law § 176.20), grand larceny in the third degree (Penal Law § 155.35), offering a false instrument for filing in the first degree (Penal Law § 175.35), and a violation of Workers' Compensation Law § 114, entitled "Penalties For Fraudulent Practices," which defines various fraudulent acts under the Workers' Compensation Law and classifies them as E felonies. Ultimately, claimant entered a plea of guilty to only one charge, insurance fraud in the fourth degree (Penal Law § 176.15), in satisfaction of all charges. He did so, according to the record, by entering an "*Alford* plea*," i.e., he was pleading guilty as defense counsel said, because of the "risks involved in going to trial" and "without an admission of [any] wrongdoing." The court accepted his plea without any allocution as to the facts underlying it, and sentenced him to an agreed-upon conditional discharge, restitution of an unknown amount, and a certificate of relief from disabilities.

At a subsequent workers' compensation hearing, the State Insurance Fund (SIF), Stature Electric's workers' compensation carrier, sought to preclude claimant from further benefits based upon the guilty plea. The Workers' Compensation Law Judge denied the application on the ground that the plea "did not contain a factual allocution such that it could be determined

---

\* *North Carolina v Alford*, 400 US 25 (1970).

that the plea matched the carrier's claim of a violation of the Workers' Compensation Law." The Workers' Compensation Board modified, by giving preclusive effect to Howard's guilty plea and finding that Howard violated Workers' Compensation Law § 114-a. The Appellate Division reversed and remitted for further proceedings, reasoning that "the requirement of identicality was not met and collateral estoppel does not apply" because, when claimant entered his *Alford* plea, he made no factual admissions and the transcript of the plea proceedings lacked any discussion of the factual basis for the charge (*Matter of Howard v Stature Elec., Inc.*, 72 AD3d 1167, 1170 [3d Dept 2010]). We agree and therefore affirm the final Workers' Compensation Board decision and the Appellate Division order brought up for review.

In New York, "*Alford* pleas are—and should be—rare" (*Matter of Silmon v Travis*, 95 NY2d 470, 474 [2000]). Such a plea is allowed only when, as in *Alford* itself, "it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*id.* at 475). And we have said that "from the State's perspective [*Alford* pleas] are no different from other guilty pleas; it would otherwise be unconscionable for a court to sentence an individual to a term of imprisonment" (*id.*). Indeed, we have made clear that an *Alford* plea may generally be used for the same purposes as any other conviction and that, like any other guilty plea, it may be used as a predicate for civil and criminal penalties (*id.*).

Thus, as we would with any plea, we consider two factors when determining whether preclusive effect should be given: First, whether the identical issue was necessarily decided in the prior action or proceeding and is decisive of the present action, and second, whether the party who is attempting to relitigate the issue had a full and fair opportunity to contest it in the prior action or proceeding (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). Importantly,

> "[t]he party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (*id.* at 456).

Here, the plea colloquy preceding claimant's insurance fraud conviction included no reference to the facts underlying the

conviction, so it is impossible to conclude that the conviction was based upon the same circumstances alleged to be fraudulent in the workers' compensation proceeding. SIF therefore failed to meet its burden of proving identity of issue. As a result, the plea did not prohibit claimant from challenging the workers' compensation violation alleged.

Accordingly, the decision of the Workers' Compensation Board appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur; Judge RIVERA taking no part.

Decision of the Workers' Compensation Board appealed from and order of the Appellate Division brought up for review affirmed, with costs.