■ In the Matter of MATTHEW RADEMACHER, Respondent, v ERIC T. SCHNEIDERMAN, as Attorney General of the State of New York, Appellant. [66 NYS3d 541]—

---

Clark, J. Appeal from a judgment of the Supreme Court (Weinstein, J.), entered December 31, 2015 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that petitioner is not entitled to be provided with legal representation under Public Officers Law § 17.

In March 2012, George Williams commenced an action (hereinafter the Williams action) alleging that—while he was confined as an inmate at Attica Correctional Facility— petitioner, a former correction officer, and three other correction officers violated his civil rights under 42 USC § 1983 by physically attacking him without justification and thereafter filing false reports and statements that resulted in disciplinary sanctions against him, all while acting within the scope of their employment. Upon petitioner's request, respondent indicated that the state would pay, pursuant to Public Officers Law § 17, for the reasonable counsel fees and litigation expenses associated with petitioner's defense of the Williams action.

Meanwhile, in January 2013, petitioner and two of the other correction officers were indicted on charges of gang assault in the first degree, tampering with physical evidence and official misconduct.[1] Thereafter, in full satisfaction of the indictment, petitioner pleaded guilty to the charge of official misconduct, a misdemeanor offense (see Penal Law § 195.00 [1]). Pursuant to the plea agreement, petitioner was sentenced to a one-year conditional discharge and he resigned from his position as a correction officer.

In May 2015, stating that its determination was the result of petitioner's guilty plea, respondent notified petitioner that the state no longer had a duty under Public Officers Law § 17 to pay for his legal representation in the Williams action. Petitioner then commenced this CPLR article 78 proceeding seeking, among other things, an order compelling respondent to rescind its determination and pay for his legal defense in the Williams action. Supreme Court granted petitioner's application, and respondent now appeals.[2]

There is no question that the state's duty to defend petitioner

---

1. The Williams action was stayed during the pendency of the criminal action.

2. The issues raised by respondent in this proceeding are identical to those raised in a companion appeal involving one of the other correction officers named as a defendant in the Williams action (*Matter of Swack v*

in the Williams action initially arose because the complaint therein alleged that, while acting within the scope of his employment as a correction officer, petitioner caused Williams to suffer physical, emotional and psychological injuries by physically attacking him, intentionally and without justification, and thereafter authoring or engineering written statements and reports falsely accusing him of various crimes, offenses and rules violations (*see* Public Officers Law § 17 [2] [a]; *Frontier Ins. Co. v State of New York*, 87 NY2d 864, 867 [1995]; *Matter of LoRusso v New York State Off. of Ct. Admin.*, 229 AD2d 995, 996 [1996]). Respondent argues, however, that the duty to defend ceased once petitioner pleaded guilty to official misconduct because the guilty plea established, as a matter of law, that the allegations underlying the civil complaint arose outside the scope of petitioner's employment and were the result of intentional misconduct. We disagree.

As is the case in the private insurance realm, the state's determination to disclaim financial responsibility for an employee's defense is rational only if it can be determined, as a matter of law, "that there is no possible factual or legal basis on which the [s]tate may be obligated to indemnify the employee" (*Frontier Ins. Co. v State of New York*, 87 NY2d at 867; *cf. Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 445 [2002]; *Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]). Pursuant to Public Officers Law § 17 (3) (a), the state has an obligation to indemnify its employees for any judgment or settlement obtained against them in state or federal court, so long as "the act or omission from which [the] judgment or settlement arose occurred while the employee was acting within the scope of his [or her] public employment or duties" and "the injury or damage [did not] result[ ] from intentional wrongdoing on the part of the employee." Stated differently, the state will not have a duty to indemnify an employee if the act or omission giving rise to the civil judgment or settlement occurred outside the scope of his or her employment or was the product of intentional wrongdoing (*see* Public Officers Law § 17 [3] [a]).

Generally, "a particular issue expressly or necessarily decided in a criminal proceeding may be given preclusive effect in a subsequent affected civil action" if "the issue is identical in both actions, necessarily decided in the prior criminal action[,] . . . decisive in the civil action [and the defendant in the criminal action] had a full and fair opportunity . . . to litigate the

*Schneiderman*, 155 AD3d 1476 [2017] [decided herewith]).

now-foreclosed issue" (*Allstate Ins. Co. v Zuk*, 78 NY2d at 45; *see Matter of Howard v Stature Elec., Inc.*, 20 NY3d 522, 525 [2013]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Colby v Crocitto*, 207 AD2d 764, 764-765 [1994]). Contrary to respondent's contentions, neither petitioner's plea allocution nor the elements of official misconduct preclusively established that the acts alleged in the civil complaint occurred while petitioner was acting outside the scope of his employment or that the injuries or damages allegedly sustained by Williams were the result of petitioner's intentional wrongdoing (*compare Merchants Mut. Ins. Co. v Arzillo*, 98 AD2d 495, 513 [1984]).

As relevant here, a public employee commits official misconduct when, "with intent to obtain a benefit or deprive another person of a benefit[,] . . . [h]e [or she] commits an act relating to his [or her] office but constituting an unauthorized exercise of his [or her] official functions, knowing that such act is unauthorized" (Penal Law § 195.00 [1]). In allocuting to this crime, petitioner did little more than recite the elements of official misconduct, adding only that he committed the unauthorized act on August 9, 2011 in Wyoming County while employed by the Department of Corrections and Community Supervision. Even assuming, as respondent contends, that the commission of an unauthorized act for purposes of an official misconduct conviction falls outside the scope of employment and constitutes intentional wrongdoing, petitioner's plea allocution did not particularize the unauthorized act that he committed or otherwise include admissions to any of the conduct alleged in the civil complaint in the Williams action. In the absence of such admissions or particularity, petitioner's guilty plea does not decisively establish any of the allegations in the civil complaint or that any of Williams' alleged injuries resulted from petitioner's intentional wrongdoing (*cf. Matter of Howard v Stature Elec., Inc.*, 20 NY3d at 525-526; *Roe v Barad*, 230 AD2d 839, 840 [1996], *lv dismissed* 89 NY2d 938 [1997]). As such, we cannot conclude, as a matter of law, that there is no possible factual or legal basis on which the state may eventually be obligated to indemnify petitioner (*cf. Allstate Ins. Co. v Zuk*, 78 NY2d at 46-47; *compare Matter of Sharrow v State of New York*, 216 AD2d 844, 846 [1995], *lv denied* 87 NY2d 801 [1995]).

Furthermore, we flatly reject respondent's contention that the factual detail lacking in petitioner's plea allocution can be supplied by the People's amended bill of particulars, which alleged that, acting as a principal, petitioner "engaged in the un-

authorized use of physical force" upon Williams with intent to cause him serious physical injury. In a criminal case, the purpose of a bill of particulars is to clarify the crime or crimes charged in the accusatory instrument so that the defendant has sufficient notice and information as to the allegations against him or her to prepare an adequate defense (*see People v Fitzgerald*, 45 NY2d 574, 580 [1978]; *People v Davis*, 41 NY2d 678, 679-680 [1977]; *People v Earel*, 220 AD2d 899, 899 [1995], *affd* 89 NY2d 960 [1997]; *People v Raymond G.*, 54 AD2d 596, 596 [1976]; *see generally* CPL 200.95 [1] [a]). The function of the bill of particulars is not, as respondent would have it, to supplement a guilty plea—in which factual admissions are sparse or omitted altogether—for collateral estoppel purposes (*see generally* CPL 200.95 [1] [a]). To hold otherwise could have far-reaching and unfavorable consequences in criminal actions resolved by, or sought to be resolved by, plea agreements.

Furthermore, even if we were to accept respondent's premise and supplement petitioner's guilty plea with the amended bill of particulars, the state would still have a duty to defend petitioner in the Williams action, as the guilty plea would not establish, as alleged in the civil complaint, whether petitioner intentionally authored or engineered false statements or reports during the course of his public employment that resulted in disciplinary action against Williams. This is because the state must defend the entire action "[i]f any of the claims against [its employee] arguably arise from covered events" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d at 443, 445-446; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311-312 [1984]). Accordingly, based on the foregoing, Supreme Court properly determined that the state continues to be required to pay for petitioner's defense in the Williams action.

To the extent that we have not addressed any of respondent's arguments, they have been examined and found to be without merit.

McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.