■ In the Matter of KEITH SWACK, Respondent, v ERIC T. SCHNEIDERMAN, as Attorney General of the State of New York, Appellant. [66 NYS3d 539]—

Clark, J. Appeal from a judgment of the Supreme Court (Weinstein, J.), entered January 19, 2016 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that petitioner is not entitled to be provided with legal representation under Public Officers Law § 17.

With the exception of the petitioner in issue, the facts and procedural history in this CPLR article 78 proceeding are indistinguishable from those in *Matter of Rademacher v Schneiderman* (155 AD3d 1459 [2017] [decided herewith]). Briefly, petitioner—like the petitioner in *Matter of Rademacher*—is a former correction officer. In March 2012, respondent notified petitioner that, pursuant to Public Officers Law § 17 (2) (a), the state would pay for petitioner's defense of a civil action in which George Williams, a former inmate, alleged that, during the scope of their employment and in violation of 42 USC § 1983, petitioner and three other correction officers physically attacked him without justification and filed false statements and reports that resulted in disciplinary sanctions against him. During the pendency of the civil action, petitioner pleaded guilty to official misconduct in full satisfaction of an indictment charging him with gang assault in the first degree, tampering with physical evidence and official misconduct. In accordance with the plea agreement, petitioner was sentenced to

a one-year conditional discharge and he resigned from his position as a correction officer. Respondent subsequently disclaimed, on behalf of the state, financial liability for petitioner's legal defense in the Williams action. Petitioner then commenced this proceeding challenging respondent's determination. Supreme Court granted petitioner's application, prompting this appeal.

The arguments advanced by respondent in this proceeding are, in every respect, identical to those raised and rejected in *Matter of Rademacher v Schneiderman* (*supra*). Because petitioner's plea allocution also did not particularize the unauthorized act that he committed or otherwise include admissions to any of the conduct alleged in the civil complaint, and for the remaining reasons stated in *Matter of Rademacher*, we uphold Supreme Court's determination that petitioner continues to be entitled to a defense paid for by the state pursuant to Public Officers Law § 17 (2) (a). Accordingly, we affirm the judgment from which respondent appeals.

McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.