Matter of Haughton v Victoria Secret (2018 NY Slip Op 04407)





Matter of Haughton v Victoria Secret


2018 NY Slip Op 04407


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524790

[*1]In the Matter of the Claim of BRIAN HAUGHTON, Respondent,
v
VICTORIA SECRET et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Goldberg Segalla LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellants.
Cohen & Siegel, LLP, White Plains (Edvin Hot of counsel), for Brian Haughton, respondent.
Barbara D. Underwood, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed June 20, 2016, which ruled, among other things, that claimant's major depressive disorder was consequential to his established claim for injuries to his head and right shoulder.
In September 2013, claimant, an assistant store manager, became dizzy and fell from a ladder while he was working within
the store's stock room. As a result of this incident, claimant sustained injuries to his head, right shoulder, left hip and lower back. In February 2014, claimant slipped on a patch of ice outside of his home, fell, hit his head and went to the hospital complaining of neck and back pain. In his March 2014 application for workers' compensation benefits, claimant, among other things, indicated that he had previously sustained a work-related injury to his right shoulder in June 2013 but did not report the February 2014 slip and fall accident. In March 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for causally-related injuries to the head and right shoulder and directed further deposition testimony regarding alleged consequential psychological injuries. Following a hearing, the WCLJ permitted claimant to [*2]amend the claim to include consequential major depressive disorder. However, the WCLJ continued the case for further findings as to whether claimant had violated Workers' Compensation Law § 114-a by failing to disclose the slip and fall accident, a possible 1996 motor vehicle accident and the extent, if any, to which he had operated a business during his period of claimed disability. The Workers' Compensation Board affirmed, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.
Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "[W]hether claimant violated Workers' Compensation Law § 114-a[] is a potentially dispositive threshold legal issue" (Matter of Howard v Stature Elec., Inc., 72 AD3d 1167, 1169 [2010], affd 20 NY3d 522 [2013]), because a violation could, among other things, preclude him from receiving benefits regardless of whether he is able to establish a work-related disability. Thus, the Board's interlocutory decision directing further development of the record did not dispose of the section 114-a issue before it and, therefore, is more appropriately reviewed upon an appeal from a final decision resolving this issue (see Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d 921, 922 [2018]; Matter of Rondon v Manhattan & Bronx Surface Tr. Operating Auth., 82 AD3d 1368, 1368 [2011]). Therefore, this appeal must be dismissed.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.