Matter of McNulty v Craeco, Inc. (2024 NY Slip Op 00835)

Matter of McNulty v Craeco, Inc.

2024 NY Slip Op 00835

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0111
[*1]In the Matter of the Claim of James McNulty, Claimant,
v
Craeco, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

David F. Wertheim, State Insurance Fund, Albany (Katherine Mason-Horowitz of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed July 19, 2022, which held in abeyance a determination as to whether claimant violated Workers' Compensation Law § 114-a.
Claimant sustained a compensable injury to his back in October 2017 and was awarded workers' compensation benefits at varying rates from December 5, 2017 to June 20, 2018, and continuing thereafter. Claimant's awards were suspended in June 2019 due to a lack of medical evidence, but were later reinstated in August 2020. In October 2020, claimant pleaded guilty to various crimes, including conspiracy in the fourth degree, criminal sale of a firearm in the first degree and criminal sale of a firearm in the second degree, and was thereafter sentenced to nine years in prison, to be followed by a period of postrelease supervision, and lesser concurrent sentences. As a result, claimant's benefits have been suspended during his incarceration (see Workers' Compensation Law § 10 [4]). Various proceedings ensued, during which time the employer's workers' compensation carrier raised the issue of claimant's violation of Workers' Compensation Law § 114-a based upon his guilty pleas, essentially contending that claimant's criminal activities constituted work that claimant failed to report. Following a hearing, at which claimant was reportedly unable to attend or participate in his defense due to his incarceration, a Workers' Compensation Law Judge held in abeyance a determination as to a Workers' Compensation Law § 114-a violation pending claimant's release from prison. The Workers' Compensation Board affirmed that decision upon administrative review, prompting this appeal.
We affirm. Workers' Compensation Law § 114-a (1) provides that, "[i]f for the purpose of obtaining compensation . . . , or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Pompeo v Auction Direct USA LP, 152 AD3d 1143, 1144 [3d Dept 2017]). Upon finding a violation of Workers' Compensation Law § 114-a, "[i]n addition to rescinding compensation already paid, the Board has the discretionary authority to disqualify the claimant from receiving any future wage replacement benefits regardless of 'whether or not the claimant is subject to the mandatory penalty,' even if the claimant has suffered a compensable injury" (Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1274 [3d Dept 2016], quoting Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265-266 [2003]).
Upon our review, the record here does not indicate that claimant's guilty plea and conviction determined, or even contemplated, a violation of Workers' Compensation Law § 114-a. Specifically, setting aside whether claimant was convicted of a crime that may constitute work for purposes of the Workers' [*2]Compensation Law (see generally Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1275), nothing in the record suggests that claimant's criminal matter determined whether, by engaging in the underlying criminal conduct, he "knowingly ma[de] a false statement or representation as to a material fact" for purposes of obtaining workers' compensation benefits (Workers' Compensation Law § 114-a [1]). As such, contrary to the carrier's contentions, collateral estoppel does not apply (see Matter of Howard v Stature Elec., Inc., 72 AD3d 1167, 1169-1170 [3d Dept 2010], affd 20 NY3d 522 [2013]; compare Matter of Dona v Levin, 263 AD2d 602, 603 [3d Dept 1999]). "Claimant must be provided an ample opportunity to address the issue of whether he knowingly misrepresented material facts sufficient to establish the charged violation" and, based upon his counsel's representations at the time of the hearing, the Board found that he was then unavailable to do so (Matter of Howard v Stature Elec., Inc., 72 AD3d at 1170 [internal quotation marks and citation omitted]). Under these circumstances, and mindful of the potential for the imposition of a "significant penalty," we find no error in the Board's decision to hold in abeyance a determination as to a violation of Workers' Compensation Law § 114-a pending claimant's ability to participate in his defense and be heard on same (Matter of Hailoo v State Ins. Fund, 45 AD3d 1200, 1202 [3d Dept 2007]; see Matter of Howard v Stature Elec., Inc., 72 AD3d at 1169-1170; see also Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1275). The carrier's remaining contentions, to the extent not expressly addressed herein, have been considered and found unpersuasive.
Aarons, J.P., Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.