■ In the Matter of the Claim of MICHAEL KRISHER, Appellant, v GRAVER TANK MANUFACTURING COMPANY, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [677 NYS2d 646] —Appeal from a decision of the Workers' Compensation Board, filed April 9, 1997, which ruled that claimant had not sustained a causally related disability during the discrete period of April 10, 1995 to June 17, 1996.

In 1990, claimant injured his back while lifting welding lead weighing approximately 125 pounds and thereafter filed a claim for workers' compensation benefits. In January 1994, claimant underwent surgery to his back. Thereafter, claimant sought treatment for an injury to his left knee, which, according to his doctors, occurred as a result of claimant's position during his back surgery. In February 1995, claimant underwent surgery to remove a tumor from his knee and, in April 1995, his doctors stated that he could return to work. The Workers' Compensation Law Judge awarded claimant benefits for his reduced earnings during the discrete period of April 10, 1995 to June 17, 1996; the Workers' Compensation Board, however, modified the findings of the Workers' Compensation Law Judge and concluded that claimant had no causally related disability during that time. Claimant appeals and we affirm.

Substantial evidence supports the Board's decision that claimant did not have a causally related disability during the relevant time period. Claimant's orthopedic surgeon, Roy Wert, testified that as of April 10, 1995 claimant could return to work without any restrictions. Claimant did not seek any medical treatment for his back injury during the relevant time period and the record indicates that he was working during this time. George Fuksa, an orthopedic surgeon, opined that claimant's knee injury was not caused by his back surgery but was a preexisting injury. Consequently, the Board's decision that claimant did not have a causally related disability during the time period of April 1995 to June 1996 is supported by substantial evidence (see generally, Matter of Minnard v Cortland Glass Co., 217 AD2d 715).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.