*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    521990
_____

In the Matter of the Claim of
   WANDA SANTIAGO,
                Appellant,

     v                                       MEMORANDUM AND ORDER

THE NY OPERATORS et al.,
                Respondents.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____

Calendar Date:  April 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

     Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.

     Davis & Venturini, Hicksville (Christine Morehouse of counsel), for The NY Operators and another, respondents.

_____

Egan Jr., J.

     Appeal from a decision of the Workers' Compensation Board, filed January 26, 2015, which rescinded a decision of the Workers' Compensation Law Judge and restored the case to the trial calendar for further development of the record.

     Claimant sustained a work-related injury to her right hand in September 2008 and subsequently developed a causally-related injury to her left wrist.  Although claimant was paid workers' compensation benefits from October 2008 until December 2013, there were substantial periods of time when she was paid at a

tentative rate and awards were also held in abeyance for a period of time. Payments were suspended in December 2013, based upon the opinion of the employer's medical expert that claimant had reached maximum medical improvement.

Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found a 17.5% loss of use of claimant's right hand and a 7.5% loss of use of her left hand, crediting the opinion of the employer's medical expert. The WCLJ made no determination as to the period of time when awards were held in abeyance or paid at a tentative rate, but concluded that the amount of disability paid exceeded the amount of the schedule loss of use plus any protracted healing period. On appeal, the Workers' Compensation Board agreed that claimant's condition warranted a schedule loss of use award, but found that claimant had not been provided an opportunity to present evidence as to the percentages of the schedule loss of use. Accordingly, the Board rescinded the WCLJ's decision and restored the case for further development of the record. Regarding claimant's request for a modification of the awards both held in abeyance and paid at a tentative rate, the Board concluded that, inasmuch as the amount of disability paid to date exceeded the only expert opinion in the record at that time as to the schedule loss of use percentages, "to award [] claimant any further awards at this point would be highly prejudicial to the [employer] under the circumstances." Claimant now appeals, challenging the Board's failure to make a determination as to the tentative rates and the awards held in abeyance.

Board decisions that are interlocutory in nature and do not dispose of all of the substantive issues or reach a potentially dispositive threshold legal question are not appealable (see Matter of Lewis v Stewart's Mktg. Corp., 122 AD3d 1048, 1049 [2014]; Matter of Fetter v Verizon, 94 AD3d 1277, 1278 [2012]). Here, we decline to review the Board's decision inasmuch as it has directed further development of the record. Claimant may appeal any issues implicated in this nonfinal Board decision, including the amount of disability payments due, if any, upon an appeal from the Board's final decision (see Matter of DePascale v Magazine Distribs., Inc., 116 AD3d 1100, 1101 [2014]; Matter of Hosler v Smallman, 106 AD3d 1218, 1219 [2013]).

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the appeal is dismissed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court