Matter of Navarro v General Motors (2020 NY Slip Op 02504)





Matter of Navarro v General Motors


2020 NY Slip Op 02504


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

524296

[*1]In the Matter of the Claim of Jose A. Navarro, Appellant,
v
General Motors et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


Jose A. Navarro, New York City, appellant pro se.
Cherry, Edson & Kelly, LLP, Carle Place (David W. Faber of counsel), for General Motors and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed November 9, 2016, which, among other things, modified the period of claimant's awards.
Claimant sustained throat, neck and back injuries in a work-related accident while employed as a welder in 1996. Starting on April 14, 1997, claimant was diagnosed, at various time frames, with partial and total disabilities. On September 1, 2011, the Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant had a temporary partial disability of 66.6%, and postponed awards pending claimant's testimony regarding his attachment to the labor market. The Workers' Compensation Board affirmed. Following a hearing, the WCLJ awarded claimant benefits for a temporary total disability from March 17, 1997 to April 14, 1997, but no awards thereafter, finding that claimant voluntarily withdrew from the labor market subsequent to April 14, 1997. The Board modified, finding that claimant voluntarily withdrew from the labor market subsequent to September 1, 2011, and remitted the matter to the WCLJ for consideration of appropriate awards from April 14, 1997 to September 1, 2011.
By decisions filed from May 2015 to July 2016, the WCLJ directed awards from April 14, 1997 to September 1, 2011 at the 66.6% partial disability rate, classified claimant with a permanent partial disability of 75%, held that claimant was not entitled to awards because he was not attached to the labor market, and found that claimant's symptom magnification did not rise to the level of fraud under Workers' Compensation Law § 114-a. In reviewing these various decisions, the Board found, among other things, that claimant was entitled to awards from April 14, 1997 to September 1, 2011 at the previously established temporary partial disability rate of 66.6% and that claimant had reached maximum medical improvement, but remitted the case to the WCLJ for a determination of issues related to claimant's alleged violation of Workers' Compensation Law §
114-a, permanency and loss of wage-earning capacity. Claimant appeals.
This appeal must be dismissed. "We will not conduct a piecemeal review of the issues presented in a nonfinal decision in workers' compensation cases that will be reviewable upon an appeal of the Board's final decision" (Matter of DePascale v Magazine Distribs., Inc., 116 AD3d 1100, 1101 [2014] [citations omitted]; see Matter of Haughton v Victoria Secret, 162 AD3d 1272, 1273 [2018]). "Board decisions which neither decide all substantive issues nor involve a threshold legal issue are not appealable" (Matter of Fowler v Crouse Community Ctr., 101 AD3d 1568, 1569 [2012] [internal quotation marks and citations omitted]; see Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d 921, 922 [2018]; Matter of Donovan v Knickerbocker Warehousing Corp., 72 AD2d 870, 870 [1979]). As none of the arguments raised on this appeal address potentially dispositive threshold legal questions, and "the nonfinal decision may be reviewed upon an appeal from the Board's final determination, this appeal must be dismissed" (Matter of Monzon v Sam Bernardi Constr., Inc., 47 AD3d 977, 978 [2008]; see Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d at 922).[FN1]
Egan Jr., J.P., Devine and Colangelo, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. I agree with the majority that, "[i]n general, piecemeal review of issues in workers' compensation cases should be avoided" (Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d 921, 922 [2018] [internal quotation marks and citations omitted]). Thus, to the extent that claimant's contentions relate to the violation of Workers' Compensation Law § 114-a and permanency — issues which the Workers' Compensation Board remitted to the Workers' Compensation Law Judge (hereinafter WCLJ) — these issues are not appealable as they are interlocutory and do not involve a threshold legal issue. However, I disagree with the majority's conclusion that claimant's contentions that relate to his temporary disability awards should not be addressed. Rather, I find such contentions to be reviewable, as the Board's decision with respect thereto is final for the purposes of appeal (see Workers' Compensation Law § 23). Further, any future appeal from the Board's decision on permanency or the Workers' Compensation Law § 114-a violation — which allegedly occurred during examinations in relation to permanency — would not necessarily address the merits of temporary disability awards, as permanency results in an award separate from the awards at issue (see Workers' Compensation Law § 15; see e.g. Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 909 [2018]).
Turning to the merits of claimant's contentions related to his temporary disability awards, first, I reject claimant's contention that the WCLJ should have been recused due to the carrier's counsel allegedly influencing the WCLJ. Claimant's allegations are vague, and he failed to identify any actual basis for the presiding WCLJ's mandatory or discretionary recusal (see Judiciary Law § 14; Workers' Compensation Law § 20 [1]; see also 22 NYCRR 100.2; Matter of Cuva v State Ins. Fund, 144 AD3d 1362, 1365 [2016]). Moreover, a review of the record discloses no indication of partiality, appearance of impropriety or unfairness in the conduct of the hearings or the WCLJ's decisions at issue (see Matter of Cuva v State Ins. Fund, 144 AD3d at 1365).
Next, claimant contends that the medical reports of Louis Rose, one of claimant's attending physicians, were improperly precluded and, as such, should be used in calculating his disability awards. The record shows that, although the WCLJ granted two extensions to complete depositions of Rose, he failed to attend each deposition. As a result, the WCLJ precluded Rose's medical reports, the Board affirmed that determination in a November 2012 decision and an application for a full Board review was denied. In a November 2016 decision, the Board noted that the WCLJ had previously affirmed the preclusion of Rose's reports and that, contrary to claimant's contention, the preclusion was not for a limited purpose. In light of the foregoing, I find that the Board properly affirmed the preclusion of Rose's medical reports for the purpose of directing temporary partial disability awards due to Rose's unavailability (see Matter of Robinson v New Venture Gear, 9 AD3d 571, 572 [2004]).
To the extent that claimant generally contends that he is entitled to additional disability awards, "[i]t is well settled that this Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion" (Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Tomaine v City of Poughkeepsie Police, 178 AD3d 1256, 1258 [2019]). Here, the Board reviewed extensive medical evidence concerning claimant and determined that, during various time frames between August 11, 1998 and September 1, 2011, claimant could have reasonably relied on his physicians' opinions diagnosing him with a total disability in not searching for work, and, thus, he was entitled to benefits during those respective time frames. Claimant fails to offer any credible medical evidence to support his allegations that he is entitled to additional disability awards. Therefore, deferring to the Board's credibility determinations, I find that substantial evidence supports the Board's decision (see Matter of Krisher v Graver Tank Mfg. Co., 253 AD2d 974, 974 [1998]; Matter of Clarke v Rockland County, 194 AD2d 1017, 1018 [1993]). In light of the foregoing, and finding claimant's other contentions without merit, I would affirm the Board's decision.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Although the dissent asserts that certain issues are not appealable but other issues are reviewable by this Court at this time, the concepts of finality and appealability concern an entire Board decision, rather than certain issues argued on an appeal thereof. Therefore, a decision itself is either appealable or not; here, it is not.