Matter of Thompson v Hayduscko (2020 NY Slip Op 04215)





Matter of Thompson v Hayduscko


2020 NY Slip Op 04215


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

529814

[*1]In the Matter of the Claim of Gloria Thompson, Respondent,
v
Clare Hayduscko, Appellant, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Grey & Grey, LLP, Farmingdale (Andra Fraiberg-Vetro of counsel), for Gloria Thompson, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 31, 2019, which ruled, among other things, that claimant was an employee of Clare Hayduscko.
During all relevant time periods, claimant, a licensed home health aide, was employed by M.E.A. Healthcare Services, a home health care employment agency. In 2007, she was assigned, through M.E.A. Healthcare, to provide certain nursing services to Eleanor Adamec, then a resident at Sunrise Assisted Living, an assisted living facility. Subsequently, the nursing services provided through M.E.A. Healthcare were terminated for insurance reasons, after which Adamec's daughter, Clare Hayduscko, hired claimant privately to provide the same services to Adamec, paying claimant by check with Adamec's funds as Adamec's power of attorney. It is undisputed that, thereafter, claimant cared for Adamec in excess of 40 hours per week while maintaining other employment through M.E.A. Healthcare. In June 2007, claimant slipped on a wet floor while caring for Adamec, injuring her right ankle. Adamec passed away the following month, and it is alleged that Adamec's estate was settled shortly thereafter. In August 2007, claimant filed a claim for workers' compensation benefits as a result of the June 2007 incident, naming Hayduscko as her employer, and she later also brought a civil action against Sunrise seeking damages. By decision filed February 21, 2008, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was an independent contractor based upon the nature of her work and thus disallowed the claim. Upon administrative review, the Workers' Compensation Board rescinded that decision as premature and returned the matter to the calendar for further development of the record as to claimant's specific duties. Additionally, because a related claim had been established in the interim for an injury to claimant's left knee that she had sustained in May 2007 while performing services for M.E.A. Healthcare, the Board held in abeyance the issue of concurrent employment (see Workers' Compensation Law § 14 [6]).
Additional hearings were held in May and June 2009, after which the matter was repeatedly continued pending resolution of claimant's third-party civil action. That action was settled in claimant's favor in 2013, and, ultimately, in a reserved decision filed October 23, 2017, a WCLJ again concluded that claimant was an independent contractor when she was injured while caring for Adamec. The WCLJ therefore also found that Workers' Compensation Law § 14 (6) was inapplicable. Claimant appealed, arguing, in relevant part, that her work as a home health aide fell within the meaning of "domestic worker" (Workers' Compensation Law § 2 [4]) and, because she worked in excess of 40 hours per week for Hayduscko, such domestic work was covered employment (see Workers' Compensation Law § 3 [1] [Group 12]). A majority of a Board panel affirmed, but, upon mandatory full Board review, the full Board reversed, agreeing with claimant that she was a domestic worker engaged in covered employment when she was injured in June 2007 and that Hayduscko was her employer. The full Board went on to find that claimant's June 2007 claim was established for accidental injury to the right ankle and that, because that claim was now established, Workers' Compensation Law § 14 (6) applies with respect to her previously established claim. The full Board then continued both claims for development of the record on all outstanding issues. Hayduscko appeals.
As a matter of long-standing policy, this Court will not conduct piecemeal review of the main issues in a workers' compensation claim (see Matter of McDowell v LaVoy, 59 AD2d 995, 995 [1977]; see also Matter of Navarro v Gen. Motors, 182 AD3d 933, 934 [2020]). Thus, "Board decisions which neither decide all substantive issues nor involve a threshold legal issue are not appealable" (Matter of Navarro v Gen. Motors, 182 AD3d at 934 [internal quotation marks and citations omitted]; see Matter of Haughton v Victoria Secret, 162 AD3d 1272, 1273 [2018]; Matter of O'Connor v SKF USA, Inc., 161 AD3d 1498, 1499 [2018]; see also Workers' Compensation Law § 23). Not all substantive issues have been resolved here, and Hayduscko primarily challenges the Board's determination that she is claimant's employer. We have consistently held that the Board's determination that an employer-employee relationship exists does not present "a threshold legal issue[] . . . so as to permit review by this [C]ourt prior to the [B]oard's final determination of the claim" (Matter of Dubnoff v Feathers Sportswear, 74 AD2d 989, 989 [1980] [internal quotation marks and citation omitted]; see Matter of Garner v Christian Contrs., Inc., 161 AD3d 1497, 1498 [2018]; Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d 921, 922 [2018]; Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]; Matter of Malkin v Love Taxi, 299 AD2d 681, 682 [2002]; Matter of Karam v Executive Charge/Love Taxi, 284 AD2d 599, 599 [2001]; compare Matter of Schwenger v NYU Sch. of Medicine, 126 AD3d 1056, 1057 [2015], lv dismissed 26 NY3d 962 [2015]). Hayduscko's attendant arguments, including laches, whether the full Board had the authority to implicitly reject her arguments or whether the Board panel abused its discretion in reopening this case, do not compel a different result (see Matter of Taylor v Gold & Son, 105 AD2d 494, 494 [1984]). Thus, we agree with claimant that the instant decision is nonfinal, and, accordingly, the appeal is dismissed.
Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.