Matter of Chojnowski v Pinnacle Envtl. Corp. (2020 NY Slip Op 07643)





Matter of Chojnowski v Pinnacle Envtl. Corp.


2020 NY Slip Op 07643


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530359

[*1]In the Matter of the Claim of Andrzej Chojnowski, Appellant,
v
Pinnacle Environmental Corporation et al., Respondents, and Liberty Mutual Insurance Company, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Reynolds Fitzgerald, JJ.


Geoffrey Schotter, New York City, for appellant.
Law Offices of Burke, Conway & Dillon, White Plains (Michelle J. Piantadosi of counsel), for Liberty Mutual Insurance Company, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 25, 2019, which, among other things, rescinded a decision of the Workers' Compensation Law Judge and returned the case to the trial calendar.
Claimant established a claim pursuant to Workers' Compensation Law article 8-A for gastroesophageal reflux disease, rhinitis, bronchitis, sleep apnea, lung nodules and posttraumatic stress disorder but never received indemnity benefits under that claim (hereinafter case No. 00615433). Claimant established a subsequent work-related claim for injuries to his neck, right hip, right knee and back as a result of a September 7, 2014 accident and was awarded indemnity benefits for that claim at varying rates (hereinafter case No. G1226690). Following combined hearings addressing permanency, labor market attachment and loss of wage-earning capacity on both cases, a Workers' Compensation Law Judge (hereinafter WCLJ), in connection with case No. 00615433, classified claimant with a D severity respiratory condition, ruled that claimant had a permanent partial disability of 65% and found that, because claimant was not working at the time of classification, he was not entitled to indemnity benefits as the loss of wage-earning capacity was not related to that claim. In connection with case No. G1226690, the WCLJ classified claimant with a permanent partial disability, found that claimant was capable of working with light work physical demands and, after considering appropriate vocational factors, ruled that claimant had a 65% loss of wage-earning capacity and was entitled to indemnity benefits.
Upon administrative appeal, the Workers' Compensation Board noted the "significant amount of confusion" reflected in the hearing and, consequently, the WCLJ's decisions. The Board rejected claimant's contention that, because he established attachment to the labor market in case No. G1226690 he simultaneously established that he was reattached to the labor market in case No. 00615433 at the time of classification and, therefore, he was entitled to ongoing concurrent awards in both cases. Instead, the Board ruled, among other things, that claimant was not entitled to ongoing awards in case No. 00615433. In addition, as there was no finding regarding overall classification or apportionment, the Board rescinded the classification and remitted the matter for clarification on the permanency findings between the two files, but continued the indemnity award on case No. G1226690 at a tentative rate. Claimant appeals.
Claimant contends that, because he was found upon classification of a permanent partial disability to be attached to the labor market in case No. G1226690 and, therefore, entitled to indemnity awards, he should be deemed reattached to the labor market and entitled to concurrent causally-related lost wages in case No. 00615433. As noted by the Board, claimant was never deemed entitled to causally-related wage loss benefits in case No. 00615433 [*2]and, therefore, there was no issue as to labor market attachment or reattachment in that case. In any event, the Board rescinded the classification determinations in both cases and remitted the matter for clarification on the issue of permanency, including overall classification and apportionment. Because "[w]e will not conduct a piecemeal review of the issues presented in a nonfinal decision in workers' compensation cases that will be reviewable upon an appeal of the Board's final decision," and we find that any challenge to the ultimate decision in this matter is more appropriately reviewed upon appeal from a final decision resolving all the issues, we dismiss the appeal (Matter of Navarro v General Motors, 182 AD3d 933, 934 [2020] [internal quotation marks and citation omitted]; see Matter of Haughton v Victoria Secret, 162 AD3d 1272, 1273 [2018]).
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.