Matter of Martinez v MEC Gen. Inc. (2021 NY Slip Op 05378)





Matter of Martinez v MEC Gen. Inc.


2021 NY Slip Op 05378


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

532384
[*1]In the Matter of the Claim of Janiece Martinez, Respondent,
v
MEC General Inc. et al., Appellants, and State Insurance Fund, Respondent. Workers' Compensation Board, Respondents.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Morrison Mahoney LLP, New York City (David Allweiss of counsel), for appellants.
William Schwitzer & Associates, PC, New York City (Howard R. Cohen of counsel), for Janiece Martinez, respondent.
Tanisha S. Edwards, State Insurance Fund, New York City (Charlotte Flynn of counsel), for State Insurance Fund, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed April 29, 2020, which declined to place MEC General Construction Corp. and its workers' compensation carrier on notice as parties of interest.
Claimant was injured when she fell while installing insulation at a construction site. In her application for workers' compensation benefits, claimant identified her employer as Kape Construction Corp. After it was determined by an investigation of the Workers' Compensation Board's Bureau of Compliance that Kape Construction did not maintain workers' compensation insurance, a further investigation into which contractors were at the construction site resulted in jurisdiction and notice to be sent to, among others, MEC General Inc. and its workers' compensation carrier (hereinafter collectively referred to as MEC) (see Workers' Compensation Law § 56). During a subsequent hearing, MEC requested that MEC General Construction Corp. be placed on notice as a potential employer. The Workers' Compensation Law Judge (hereinafter WCLJ) did not place MEC General Construction on notice but found that the record needed further development to resolve the issue of employer-employee relationship. The WCLJ directed that, in the interim, MEC pay claimant's compensation and medical bills pursuant to Workers' Compensation Law § 25 (1) (f). MEC sought administrative review, arguing that the WCLJ erred in not placing MEC General Construction on notice. The Board affirmed the WCLJ's decision. MEC appeals.
"In order to avoid piecemeal review of workers' compensation cases, a Board decision that is interlocutory in nature and does not dispose of all substantive issues nor reach legal threshold issues that may be determinative of the claim is not the proper subject of an appeal" (Matter of Zaldivar v SNS Org., 119 AD3d 1134, 1135 [2014] [internal quotation marks, ellipsis and citations omitted]; see Matter of Lewis v Stewart's Mktg. Corp., 122 AD3d 1048, 1049 [2014]). The Board's decision in finding that the evidence did not support placing MEC General Construction on notice did not dispose of all of the substantive issues or reach a potentially dispositive threshold legal issue and, therefore, is interlocutory and unappealable (see Matter of Dow v Silver Constr. Corp., 83 AD3d 1270, 1270-1271 [2011]). Because the nonfinal decision may be reviewed upon an appeal from the Board's final determination, this appeal must be dismissed (see Matter of Covert v Niagara County, 146 AD3d 1065, 1066 [2017], lv denied 34 NY3d 910 [2020]; Matter of Dow v Silver Constr. Corp., 83 AD3d at 1271).
Lynch, J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.