Matter of Perez v Bed, Bath & Beyond (2022 NY Slip Op 02607)

Matter of Perez v Bed, Bath & Beyond

2022 NY Slip Op 02607

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533820
[*1]In the Matter of the Claim of Jose Perez, Respondent,
v
Bed, Bath and Beyond et al., Appellants. Workers Compensation Board, Respondent.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

LOIS LLC, New York City (Addison O'Donnell of counsel), for appellants.
Miller & Caggiano, LLP, Bohemia (Todd Miller of counsel), for Jose Perez, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Garry, P.J.
Appeal from an amended decision of the Workers' Compensation Board, filed March 2, 2021, which, among other things, deferred development of the record by said Board for 90 days to provide the parties an opportunity to negotiate a new agreement pursuant to Workers' Compensation Law § 32.
Claimant has an established claim for work-related injuries to his left ankle and knee and exacerbation of a pre-existing back condition, stemming from a 2012 accident. In 2019, a signed C-32 form — a waiver agreement pursuant to Workers' Compensation Law § 32 (hereinafter the section 32 agreement) — was filed with the Workers' Compensation Board providing for, among other terms, the payment of $300,000 to claimant plus a Medicare Set-Aside annuity (hereinafter MSA) in exchange for claimant's waiver of all past, present and future claims for benefits under the Workers' Compensation Law stemming from the 2012 accident. The section 32 agreement included a provision permitting the parties to withdraw from the agreement within 10 days of the date it is deemed filed with the Board. The record reflects that a hearing was held on October 28, 2019 at which the Board deemed filed and approved the section 32 agreement, although no transcript could later be located and, by decision filed November 15, 2019, a notice of approval of the section 32 agreement was filed by the Board approving the agreement. On November 22, 2019 and again thereafter, claimant's attorney filed a letter indicating that claimant was withdrawing from the section 32 agreement and requesting further action, including that the claim be returned to the Board's calendar based, in part, on the absence of a transcript of the hearing at which the agreement was approved.
Claimant thereafter requested review of the Board's notice of approval decision, which the employer and its workers' compensation carrier opposed. The Board denied review of the notice of approval in a decision filed February 12, 2020, citing claimant's failure to timely withdraw from the section 32 agreement (see 12 NYCRR 300.36 [f]); the Board also relied upon Workers' Compensation Law § 32 (c), which provides that a decision filed and served approving a section 32 agreement submitted to the Board is "not subject to review pursuant to [Workers' Compensation Law § 23]."[FN1] Claimant filed a request for reconsideration or discretionary full Board review of the February 12, 2020 decision denying review, which the carrier opposed. The Board issued an amended decision filed March 2, 2021 denying full Board review but amending its decision filed February 12, 2020 by, among other things, "defer[ring] any further development of the record by the Board for 90 days to provide the parties an opportunity to negotiate a new [s]ection 32 agreement that clarifies the [MSA] terms" and "direct[ed] the parties to request further action if unable to reach a new agreement after 90 days." Although the Board found that claimant's request to withdraw from [*2]the section 32 agreement was untimely and that it had no authority to review its notice of approval decision approving the section 32 agreement, the Board found that claimant was correct that the agreement includes "an inconsistent provision" pertaining to the MSA annuity. The Board opted to give the parties 90 days to mutually agree to modify the section 32 agreement as permitted by Workers' Compensation Law § 32 (d) and, if they were unable to agree, advised them to request further action, deferring the need to develop the record to enable the Board to interpret the inconsistent MSA provision. The record before this Court does not establish the parties' course of action thereafter. The employer and its workers' compensation carrier appeal.
The appeal must be dismissed. As a general rule, this Court avoids "piecemeal review of the issues presented in a nonfinal decision in workers' compensation cases that will be reviewable on appeal of the Board's final decision" (Matter of Navarro v General Motors, 182 AD3d 933, 934 [2020] [internal quotation marks and citation omitted]; see Matter of Haughton v Victoria Secret, 162 AD3d 1272, 1273 [2018]). The Board's decision filed March 2, 2021 directing the parties to attempt to reach an amended agreement resolving the MSA inconsistency did not finally resolve all substantive issues nor reach a potentially dispositive threshold legal issue, including the interpretation of that MSA provision and what further action or record development the Board may pursue with regard to an approved section 32 agreement; thus, the decision is interlocutory and is not the proper subject of an appeal at this time (see Matter of Martinez v MEC Gen. Inc., 198 AD3d 1051, 1052 [2021]; Matter of Thompson v Hayduscko, 185 AD3d 1327, 1329 [2020]; Matter of Navarro v General Motors, 182 AD3d at 934). Importantly, the Board neither impermissibly permitted claimant to belatedly withdraw from the approved section 32 agreement nor granted review of or rescinded its notice of approval decision so as to create a threshold legal issue regarding the Board's decision to amend its prior decision. We find that any challenge to the Board's nonfinal decision in this matter "is more appropriately reviewed upon appeal from a final decision resolving all [of] the issues" and, thus, we dismiss the appeal (Matter of Chojnowski v Pinnacle Envtl. Corp., 189 AD3d 1860, 1861-1862 [2020]; see Matter of Navarro v General Motors, 182 AD3d at 934).
Lynch, Aarons, Colangelo and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: By decision filed August 31, 2020, the Board adhered to that conclusion and rescinded further actions taken following a May 29, 2020 hearing regarding the MSA funds.