Matter of Polizzano v Medline Indus. (2022 NY Slip Op 04604)

Matter of Polizzano v Medline Indus.

2022 NY Slip Op 04604

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

534151
[*1]In the Matter of the Claim of Matthew D. Polizzano, Appellant,
v
Medline Industries et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Kirk & Teff, LLP, Kingston (William J. Kistner III of counsel), for appellant.
Durgana Law, LLC, West Caldwell, New Jersey (James V. Durgana of counsel), for Medline Industries and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed March 12, 2021, which, among other things, suspended the payment of claimant's workers' compensation benefits.
In November 2019, claimant sought medical treatment for work-related injuries to his thoracic spine, lumbar spine and left hip. The employer's workers' compensation carrier accepted the claim and provided indemnity payments and approved payments for medical treatment. At a hearing held in October 2020, the carrier disclosed that it had carried out surveillance on claimant and raised the issue as to whether claimant had violated Workers' Compensation Law § 114-a. The carrier requested a hearing on the issue and that the indemnity payments be suspended pending the result of the hearing. Claimant requested that benefits continue to be paid pending a formal offer of proof of the Workers' Compensation Law § 114-a violation and that he be provided any and all documentation of the surveillance, including investigative reports, prior to him testifying. A Workers' Compensation Law Judge (hereinafter WCLJ) denied claimant's request to be provided the surveillance materials prior to his testimony but continued the payment of indemnity benefits.
At the subsequent hearing, claimant's counsel advised the WCLJ that claimant would not testify without the carrier providing proof that it undertook surveillance of him. The WCLJ again denied claimant's request for proof of the surveillance prior to claimant testifying and claimant refused to testify on the issue of the Workers' Compensation Law § 114-a violation, invoking the Fifth Amendment privilege against self-incrimination. The WCLJ concluded that claimant had waived the opportunity to testify and, among other things, suspended the payment of indemnity benefits pending further action on the Workers' Compensation Law § 114-a issue. On administrative appeal, the Workers' Compensation Board affirmed the WCLJ's decision suspending payment of claimant's indemnity benefits and continued the case for resolution of the Workers' Compensation Law § 114-a violation issue, requiring the carrier to submit the video surveillance material within 20 days of the filing of the Board's decision and to provide for the testimony of the investigator or other suitable person to authenticate the material. Claimant appeals.
"In order to avoid piecemeal review of workers' compensation cases, a Board decision that is interlocutory in nature and does not dispose of all substantive issues nor reach legal threshold issues that may be determinative of the claim is not the proper subject of an appeal" (Matter of Martinez v MEC Gen. Inc., 198 AD3d 1051, 1052 [2021] [internal quotation marks and citations omitted]; see Matter of Navarro v General Motors, 182 AD3d 933, 934 [2020]). "As none of the arguments raised on this appeal address potentially dispositive threshold legal questions, and 'the nonfinal decision may be reviewed upon an appeal from the Board's [*2]final determination, this appeal must be dismissed'" (Matter of Navarro v General Motors, 182 AD3d at 934 [citation omitted], quoting Matter of Monzon v Sam Bernardi Constr., Inc., 47 AD3d 977, 978 [2008]).
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, without costs.