Matter of Rodriguez v American Bridge Co. (2023 NY Slip Op 00909)

Matter of Rodriguez v American Bridge Co.

2023 NY Slip Op 00909

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535055
[*1]In the Matter of the Claim of Manuel Rodriguez, Appellant,
v
American Bridge Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Jones Jones, LLC, New York City (Stacee Vaikness of counsel), for American Bridge Company and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed September 1, 2021, which, among other things, disqualified claimant from receiving future wage replacement benefits.
Claimant, a truck driver, has an established claim for injuries to his neck, back, left hip and left shoulder, later amended to include depression and a pain disorder, as a result of an accident on October 23, 2018. He received temporary total or partial disability awards through October 2019 and thereafter at a tentative rate. Claimant testified at three hearings between May 20, 2020 and January 11, 2021 that he had not worked or done any volunteer work during the relevant time periods since his accident; at the latter hearing, the employer and its workers' compensation carrier raised the issue of whether claimant had committed fraud in violation of Workers' Compensation Law § 114-a (1)[FN1] by misrepresenting his work activities, in that he had been working as a constable and had been reelected to that position in 2019. Claimant then testified that he was an elected constable in Pennsylvania but claimed that, due to his injuries, he had not done any constable work other than working the election polls as a paid poll watcher.
A Workers' Compensation Law Judge (hereinafter WCLJ) found, by decision filed January 14, 2021, that claimant's testimonial denial of all work activity and later concession that he had worked as a constable violated Workers' Compensation Law § 114-a (1). The WCLJ suspended payment of benefits and continued the matter to develop the record regarding the extent and time period of claimant's employment activity as they relate to the penalty. Claimant did not seek review of that decision. Following a hearing on March 1, 2021 at which claimant testified to his work activities as a constable, the WCLJ found that he had been evasive about his work activities and had continually downplayed them, and imposed a mandatory penalty equal to the wage replacement benefits paid to claimant between July 9, 2019, the date he first testified and failed to disclose his work activities, and January 11, 2021, the hearing at which he lied about those activities under oath. The WCLJ also imposed a discretionary penalty barring claimant from all future wage replacement benefits. On administrative appeal, the Workers' Compensation Board held that claimant had failed to timely seek Board review of the WCLJ's January 14, 2021 decision finding that he had violated Workers' Compensation Law § 114-a (1) and, consequently, declined to consider the arguments raised with regard to that finding. The Board noted that claimant's application for review did not challenge the mandatory penalty, and upheld the discretionary penalty as warranted. Claimant appeals.
Claimant challenges the WCLJ's decision filed January 14, 2021 finding that he violated Workers' Compensation Law § 114-a (1). He argues that the WCLJ's January 2021 violation decision was interlocutory in that penalties were [*2]not yet imposed, and that the Board erred in finding that his March 22, 2021 application for Board review of both WCLJ decisions was not a timely application with regard to the January 2021 violation decision. However, the determination that a claimant violated Workers' Compensation Law § 114-a (1) "presents a threshold legal issue that may be dispositive" and, thus, the WCLJ's decision was reviewable by the Board, notwithstanding that the WCLJ had not yet determined the penalties to be imposed (Matter of Michaels v Towne Ford, 9 AD3d 733, 733 n [3d Dept 2004], citing Matter of McDowell v LaVoy, 59 AD2d 995, 995 [3d Dept 1977]; see Matter of Sanchez v US Concrete, 194 AD3d 1287, 1288 n [3d Dept 2021]; Matter of Howard v Stature Elec., Inc., 72 AD3d 1167, 1169 [3d Dept 2010], affd on other grounds 20 NY3d 522 [2013]; cf. Matter of Haughton v Victoria Secret, 162 AD3d 1272, 1273 [3d Dept 2018]). Although piecemeal review of the main issues in workers' compensation claims has been discouraged to prevent dilatory appeals, that policy is not applied so as to preclude, as in this case, the prompt review of "threshold legal issue[s]" which may be dispositive of a claim, such as whether claimant violated Workers' Compensation Law § 114-a (1) (Matter of Thompson v Hayduscko, 185 AD3d 1327, 1329 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Navarro v General Motors, 182 AD3d 933, 934 [3d Dept 2020]; Matter of Michaels v Towne Ford, 9 AD3d at 733 n; Matter of McDowell v LaVoy, 59 AD2d at 995; cf. Matter of Polizzano v Medline Indus., 207 AD3d 939, 940-941 [3d Dept 2022]; Matter of Perez v Bed, Bath & Beyond, 204 AD3d 1297, 1298-1299 [3d Dept 2022]). Thus, claimant could and should have timely sought Board review of the WCLJ's January 2021 violation decision.
An application for review of a WCLJ's decision must be made to the Board within 30 days of the filing of the WCLJ's decision and, if no timely request for review is made, the WCLJ's decision becomes the decision of the Board (see Workers' Compensation Law §§ 23, 150 [b]; see 12 NYCRR 300.13 [b] [3]). "The Board is vested with broad discretion to accept or reject as untimely an application for review and, absent an abuse of such discretion, the Board's decision will not be disturbed" (Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114 [3d Dept 2013] [internal quotation marks and citations omitted]; see 12 NYCRR 300.30). As claimant's March 2021 application for review of the WCLJ's January 2021 decision was not filed within 30 days, it was untimely and the Board did not err or abuse its discretion in declining to accept the untimely application. Given the foregoing, the WCLJ's January 2021 violation decision is not properly before us.
"In addition to imposing the mandatory penalty, i.e., rescinding the workers' compensation benefits already paid," which is not before us, "the Board is vested with the authority — as an exercise of its discretion — to disqualify [*3]a claimant from receiving any future benefits" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1183 [3d Dept 2022] [citations omitted]; accord Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1077 [3d Dept 2022]). With regard to the discretionary penalty imposed, "judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1184 [internal quotation marks and citations omitted]). The penalty imposed here, of permanent disqualification, "typically is reserved for situations where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1077 [internal quotation marks and citations omitted]; accord Matter of Young v Acranom Masonary Inc., 193 AD3d 1315, 1317 [3d Dept 2021]; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133—1134 [3d Dept 2016]), and "this Court — in the context of reviewing the penalty imposed — may neither second-guess the Board nor substitute its own judgment for the action taken" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1184 [internal quotation marks, brackets and citation omitted]).
Here, the Board expressly found that "claimant falsely testified and then, when he eventually disclosed his true work activity, his testimony was evasive and was intended to deceive" and that his "repeated failure to disclose his job as a constable and his willful misrepresentation of his work activities constitute[ ] an egregious deception and merit[ ] permanent disqualification." The record fully supports that conclusion. To that end, claimant falsely testified at three separate hearings that he had not done any work, including as a volunteer or in self-employment, since the accident or since the previous hearing or benefit payment. After the issue of fraud was raised, claimant acknowledged he had held the elected constable position since 2003 but misrepresented that he had done "no constable work due to his injuries," then minimized his duties as a mere paid poll watcher. Claimant ultimately admitted that he attended election meetings, ran for re-election in 2019, attended 20 hours of annual classroom legal training and 40 hours of firearm training and deducted related expenses from his income taxes and performed other unpaid, volunteer services. Under these circumstances, we cannot conclude that the discretionary penalty of permanent disqualification was disproportionate to claimant's protracted deception so as to constitute an abuse of discretion (see Matter of Nappi v Verizon N.Y., 205 AD3d at 1184-1185; cf. Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133—1134). In light of this conclusion, we need not reach the remaining issues raised by claimant.
Garry, P[*4].J., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: "Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076 [3d Dept 2022] [internal quotation marks and citations omitted]).