Matter of Pena v Cardinal McCloskey Sch. (2023 NY Slip Op 03523)

Matter of Pena v Cardinal McCloskey Sch.

2023 NY Slip Op 03523

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

534739
[*1]In the Matter of the Claim of Lidia Pena, Appellant,
v
Cardinal McCloskey School et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City (Michael F. Vecchione of counsel), for Cardinal McCloskey School and another, respondents.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 14, 2021, which modified a decision of the Workers' Compensation Law Judge by, among other things, rescinding the permanency classification, and (2) from a decision of said Board, filed January 3, 2022, which denied claimant's request for reconsideration and/or full Board Review.
Claimant, a rehabilitation program coordinator, has established claims for work-related injuries to her neck, low back and left shoulder, later amended to include her head, migraines and consequential posttraumatic stress disorder, as a result of an October 2014 accident in which she was attacked by a patient. Claimant received ongoing lost-time awards at varying rates, ultimately at a temporary total disability rate. Following independent medical examinations and submission of treating physician and nurse practitioner reports, deposition testimony was taken offering conflicting opinions regarding, among other things, diagnoses, permanency and degree of disability and ability to work. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was permanently totally disabled and issued retroactive awards at the temporary total disability rate, which were continued after that decision. On appeal by the employer and workers' compensation carrier, the Workers' Compensation Board modified the WCLJ's decision, ruling that the finding that claimant was permanently totally disabled was not supported by the evidence and rescinding that finding. Although the Board concluded that the record supports a finding of permanent partial disability, it did not make that finding and, instead, restored the case to the calendar for further development of the record, directing the WCLJ to make a new determination on the issue of permanency; if claimant is classified as permanently partially disabled, the Board instructed the WCLJ to make a finding regarding labor market attachment, after claimant is afforded an opportunity to testify to vocational factors and functional capabilities. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from both Board decisions.
Claimant challenges the Board's decision filed September 14, 2021 contending, among other points, that it was not based upon substantial evidence, that her due process rights were infringed, and that the Board erred in sua sponte raising the issue of labor market attachment and suspending interim payments of continuing compensation. However, the Board rescinded the classification determination and remitted the matter for further development of the record, a permanency finding and labor market attachment, if applicable. This Court generally "will not conduct a piecemeal review of the issues presented in a nonfinal decision in workers' compensation cases that will be reviewable upon an appeal of the Board's final decision" (Matter of Chojnowski v Pinnacle Envtl. Corp., 189 AD3d 1860, 1861 [*2][3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Polizzano v Medline Indus., 207 AD3d 939, 940-941 [3d Dept 2022]; Matter of Perez v Bed, Bath & Beyond, 204 AD3d 1297, 1298 [3d Dept 2022]). To that end, neither of the Board's decisions finally resolved the permanency issue or all other substantive issues, nor did they reach potentially dispositive threshold legal issues that could preclude claimant from receiving benefits. Thus, they are "interlocutory and
. . . not the proper subject of an appeal at this time" (Matter of Perez v Bed, Bath & Beyond, 204 AD3d at 1298; see Matter of Navarro v General Motors, 182 AD3d 933, 934 [3d Dept 2020]; Matter of Haughton v Victoria Secret, 162 AD3d 1272, 1273 [3d Dept 2018]; Matter of Covert v Niagara County, 146 AD3d 1065, 1066 [3d Dept 2017], lv denied 34 NY3d 910 [2020]). Accordingly, the appeals must be dismissed.
Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeals are dismissed, without costs.