Matter of Glasgow v Con Edison (2024 NY Slip Op 01585)

Matter of Glasgow v Con Edison

2024 NY Slip Op 01585

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

535964
[*1]In the Matter of the Claim of Michele Glasgow, Appellant,
v
Con Edison, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brooklyn (Michael K. Gruber of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Con Edison, respondent.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 27, 2022, which, among other things, directed claimant to produce additional documentary evidence in support of her claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) was exposed to asbestos while working and, in 2004, he established a claim for workers' compensation benefits based upon an occupational disease involving asbestosis, chronic obstructive pulmonary disease and chronic irritative bronchitis. Decedent was a plaintiff in a class-action lawsuit filed in 2001 against numerous defendants due to his work-related disease. The record reflects that decedent settled the lawsuit with a limited number of the defendants. Decedent died in 2018 and claimant filed a claim for workers' compensation death benefits. Several hearings were held on the claim at which claimant was asked to produce documentation regarding the settlement of decedent's lawsuits, including worksheets and copies of any releases. Claimant provided a letter from decedent's third-party attorney stating that claimant had not commenced any wrongful death actions and, as of the time of the letter, the attorney did not have copies of decedent's releases.
Following a hearing held in January 2021, at which claimant testified that she had not signed any releases related to decedent's third-party action, the claim was established for a causally-related death, but awards were held in abeyance by the Workers' Compensation Law Judge (hereinafter WCLJ) pending further production of evidence regarding the settlements. Upon review, in a decision filed in June 2021, the Workers' Compensation Board affirmed the WCLJ's determination, finding that claimant was properly directed to provide documentation related to the settlement of decedent's third-party action.[FN1] Acknowledging the letter from decedent's third-party attorney, the Board directed claimant to attempt to obtain the documentation from other sources and, if unsuccessful, to provide proof of any and all efforts made in conjunction therewith.
Claimant thereafter provided court records from decedent's third-party action and affirmations from her workers' compensation attorneys as to the steps they took to garner those court records, as well as another letter from decedent's third-party attorney reiterating that the attorney did not have copies of the releases signed by decedent relating to his third-party action. In a decision filed July 27, 2022, the Board determined, among other things, that claimant had interpreted its instructions to produce evidence related to decedent's third-party action "in the narrowest possible terms" and found that the record needed to be further developed regarding the settlement of the third-party actions before awards may be directed.[FN2] Claimant appeals.
Generally, this Court "will not conduct a piecemeal review of the issues presented in a nonfinal decision in workers' compensation cases that will be reviewable [*2]upon an appeal of the Board's final decision" (Matter of Pena v Cardinal McCloskey Sch., 217 AD3d 1291, 1292 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Perez v Bed, Bath & Beyond, 204 AD3d 1297, 1298 [3d Dept 2022]). "As none of the arguments raised on this appeal address potentially dispositive threshold legal questions, and the nonfinal decision may be reviewed upon an appeal from the Board's final determination, this appeal must be dismissed" (Matter of Polizzano v Medline Indus., 207 AD3d 939, 940-941 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Martinez v MEC Gen. Inc., 198 AD3d 1051, 1052 [3d Dept 2021]).
Clark, Lynch, McShan and Powers, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: The Board noted that claimant's death benefits could be subject to the self-insured employer's Workers' Compensation Law § 29 lien and credit rights and found that it was unclear from the record what rights, if any, had been waived in the settlement of some of the third-party actions.

Footnote 2: Specifically, the Board directed claimant to "produce evidence of all third-party actions/claims asserted by . . . decedent or claimant, including, but not limited to, worksheets and general releases associated with third-party actions; the closing statements of . . . decedent's former attorneys with regard to asbestosis and asbestosis related claims; documents related to any settlement and/or resolution of . . . decedent's or claimant's actions/claims for asbestosis, including, but not limited to, in bankruptcy cases and/or compensation trusts; and a statement or records detailing the status of decedent's claims against all defendants set forth in . . . decedent's state court action[,]" as well as "the Letters of Administration/Letters Testamentary for . . . decedent's estate."