Matter of Sessa v Allen Health Care Serv. (2025 NY Slip Op 00356)

Matter of Sessa v Allen Health Care Serv.

2025 NY Slip Op 00356

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-23-1522
[*1]In the Matter of the Claim of Patrice Sessa, Appellant,
v
Allen Health Care Service et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Habberfield Kaszycki, LLP, Buffalo (Matthew R. Musial of counsel), for respondents.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed July 21, 2023, which, among other things, held in abeyance certain awards pending further development of the record.
Claimant established a claim for injuries to her neck and back as a result of a 2006 work-related accident. In December 2020, among other things, awards were directed from November 25, 2020 through December 20, 2020 at a temporary partial disability rate with the employer's workers' compensation carrier to continue such payments. Following the submission of medical reports from two orthopedic surgeons who both opined that claimant had reached maximum medical improvement, a hearing was scheduled for September 15, 2022, at which the parties were directed by a Workers' Compensation Law Judge (hereinafter WCLJ) to complete depositions of both orthopedic surgeons regarding permanency, and claimant, who had not worked since 2006, was directed to produce documentation of her search for employment.
At a subsequent hearing on February 2, 2023, a WCLJ, in addition to directing that an additional deposition be completed, among other things, granted the request of claimant's counsel to update the awards — which had not happened since 2020 — to the date of the hearing at a temporary partial disability rate with the carrier to continue payments. The carrier appealed, arguing that its right to due process was violated by bringing awards up to the date of the hearing before the record was fully developed and a determination made regarding labor market attachment. The Workers' Compensation Board modified the WCLJ's decision insofar as holding awards in abeyance from September 15, 2022 — the date on which labor market attachment was raised — pending further development of the record on that issue. Claimant appeals, contending that the Board erred in holding awards in abeyance because she involuntarily withdrew from the labor market.
"As a matter of long-standing policy, this Court will not conduct piecemeal review of the main issues in a workers' compensation claim" (Matter of Thompson v Hayduscko, 185 AD3d 1327, 1329 [3d Dept 2020] [citations omitted]; see Matter of Glasgow v Con Edison, 225 AD3d 1063, 1064 [3d Dept 2024]). "Where a Board decision is interlocutory in nature and does not dispose of all of the substantive issues or reach a potentially dispositive threshold legal question, it is not appealable" (Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d 921, 922 [3d Dept 2018] [internal quotation marks and citations omitted]). The Board's decision here is interlocutory in nature as it does not dispose of all the substantive issues or reach a potentially dispositive threshold legal question (see Matter of Pena v Cardinal McCloskey Sch., 217 AD3d 1291, 1293 [3d Dept 2023]; Matter of Santiago v NY Operators, 139 AD3d 1308, 1309 [3d Dept 2016]; Matter of Fowler v Crouse Community Ctr., 101 AD3d 1568, 1569 [3d Dept 2012]). It would be inappropriate for this Court [*2]to undertake a review of the sole argument claimant presents, regarding her labor market attachment and/or involuntary withdrawal therefrom, as the Board itself has withheld a final determination of labor market attachment pending further development of the record (see Matter of Navarro v General Motors, 182 AD3d 933, 934 [3d Dept 2020]; Matter of Rivers v Blue Ridge Farms, Inc., 36 AD3d 1132, 1133 [3d Dept 2007]). As the issue claimant presents may be reviewed upon the appeal from the final determination, this appeal must be dismissed (see Matter of Santiago v NY Operators, 139 AD3d at 1309; Matter of Monzon v Sam Bernardi Constr., Inc., 47 AD3d 977, 978 [3d Dept 2008]; Matter of Sawyer v Orange Motors, 24 AD3d 1117, 1118 [3d Dept 2005]).
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.