Matter of DeBryne v Pittsford Mercury, Inc. (2025 NY Slip Op 01414)

Matter of DeBryne v Pittsford Mercury, Inc.

2025 NY Slip Op 01414

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-23-2275
[*1]In the Matter of the Claim of Jeffery DeBryne, Claimant,
v
Pittsford Mercury, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

David F. Wertheim, State Insurance Fund, Melville (Katherine Mason-Horowitz of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed October 24, 2023, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and imposed a penalty.
Claimant has an established claim for work-related injuries sustained to his left shoulder in 1990, as well as consequential bilateral hip injuries. Pursuant to a stipulation executed by the parties in 2007, claimant was classified as permanently totally disabled — with 75% of that disability causally-related to the underlying claim. In 2022, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a request for further action — attaching a surveillance report and alleging that claimant had violated Workers' Compensation Law § 114-a. Specifically, the carrier alleged that claimant — clad in a shirt bearing his name and a company logo — met with its investigator for the purpose of providing an estimate on a residential home improvement project. At the conclusion of the hearings that followed, wherein the investigator testified as to his meeting with claimant and claimant denied engaging in any for-profit work activity, a Workers' Compensation Law Judge found that claimant violated Workers' Compensation Law § 114-a; the mandatory penalty imposed was effective October 12, 2022 (the date of the carrier's request for further action), and an additional six-month discretionary disqualification penalty also was imposed. Upon the carrier's application for administrative review, wherein it sought to permanently disqualify claimant from receiving benefits, the Workers' Compensation Board affirmed. This appeal ensued.
The parties do not dispute that claimant violated Workers' Compensation Law § 114-a, and the Board now concedes that the mandatory penalty imposed should have been effective April 6, 2022 (the date upon which claimant met with the investigator to provide the subject estimate) — not October 12, 2022 (the date upon which the carrier filed its request for further action). Hence, the issue distills to whether the Board abused its discretion by failing to permanently disqualify claimant from receiving workers' compensation benefits.
"In addition to imposing the mandatory penalty, i.e., rescinding the workers' compensation benefits already paid, the Board is vested with the authority — as an exercise of its discretion — to disqualify a claimant from receiving any future benefits. The imposition of such discretionary penalty typically is reserved for situations where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances. Judicial review of the penalty imposed is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Deliso [*2]v New York City Tr. Auth., 225 AD3d 1010, 1012-1013 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Yolas v New York City Tr. Auth., 224 AD3d 1112, 1115 [3d Dept 2024]; Matter of Rodriguez v American Bridge Co., 213 AD3d 1118, 1120-1121 [3d Dept 2023]).
In declining to permanently disqualify claimant from receiving future benefits, the Board focused upon the fact that neither the investigator's surveillance of nor interactions with claimant showed claimant performing any "actual work." To the Board's analysis, although claimant clearly was operating a business and furthering his professional endeavors by providing the carrier's investigator with the requested estimate, in the absence of any observed exertional efforts, such activities were not sufficiently egregious to warrant the penalty of permanent disqualification. Although claimant's lack of candor and denial of engaging in for-profit activities could have warranted a different result (see e.g. Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1250 [3d Dept 2022]; Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1184 [3d Dept 2022]), "this Court — in the context of reviewing the penalty imposed — may neither second-guess the Board nor substitute its own judgment for the action taken" (Matter of Rodriguez v American Bridge Co., 213 AD3d at 1121 [internal quotation marks and citations omitted]). As the Board articulated a cogent explanation for the six-month discretionary penalty imposed, we will not disturb it. The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Lynch and Powers, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as imposed a mandatory penalty effective October 12, 2022; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.